UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MIRIAN S.,<br><br>                         Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                         Defendant. | Case No. 23-12979<br>Honorable Shalina D. Kumar<br>Magistrate Judge Patricia T. Morris |

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 15); GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11); DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13); AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

      Plaintiff Mirian S. appeals the final decision of defendant Commissioner of Social Security (the "Commissioner"), who denied her application for disability insurance benefits ("DIB") under the Social Security Act. ECF No. 1. Under 28 U.S.C. § 636(b), the Court referred all pretrial matters in the case to the magistrate judge. ECF No. 10. Both parties filed motions for summary judgment. ECF Nos. 11, 13.

      On October 8, 2024, the magistrate judge issued a Report and Recommendation ("R&R"). The R&R recommends that plaintiff's motion be

granted in part; the Commissioner's motion be denied; and this matter be remanded to the Social Security Administration ("SSA" or "the Administration") under sentence four of § 405(g). *Id.*

The parties have not filed objections to the R&R, and the time to do so has expired. *See* Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Smith v. Detroit Fed'n of Teachers,* 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Cephas v. Nash,* 328 F.3d, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.") However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory

Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") Therefore, the Court, having reviewed the R&R and finding no clear error, **ADOPTS** the recommendation.

Accordingly, the Court **GRANTS IN PART** plaintiff's motion for summary judgment (ECF No. 11); **DENIES** the Commissioner's motion for summary judgment (ECF No. 13); and **REMANDS** this matter to the SSA with instructions for the Administration to explicitly consider the consultants' prior administrative medical finding that plaintiff cannot "repetitively" handle objects with her right hand.

**IT IS SO ORDERED**.

Dated: February 27, 2025

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge